UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 21-23768-CIV-MORENO

Ryan Turner,

        Plaintiff,

vs.

MSC Cruise Management (UK) Ltd. and MSC
Malta Seafarers Company Limited Seafarers
Company Limited,

        Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE AND DISMISSING CASE WITHOUT PREJUDICE

Defendants move to quash or dismiss for improper service of process for failure to fulfill the requirements of proper service under the Hague Convention. The Court agrees that the Hague Convention controls service in this case and that the plaintiff has not complied with it. The motion to quash service is therefore granted and the case is dismissed without prejudice.

This is a case about injuries that plaintiff Ryan Turner sustained while working as a seafarer for defendants MSC Cruise Management (UK) Ltd. and MSC Malta Seafarers Company Limited. Turner is a resident of South Africa. MSC Cruise Management (UK) is a citizen of the United Kingdom and MSC Malta Seafarers Company Limited is a citizen of Malta.

Plaintiff argues that he accomplished service in this case when his process server effectuated service upon Ellinor Dovico, the spouse of Joel Dovico, who is the general counsel and authorized agent of MSC Cruises (USA) Inc. MSC Cruises (USA) is the ticketing agent of MSC Cruises S.A., of which MSC Cruise Management (UK) and MSC Malta Seafarers Company Limited are related entities. Ellinor Dovico is not an officer, director, employee, or

agent of either defendant, and is not authorized to accept service on their behalf. Neither is Joel Dovico. And MSC Cruises (USA) is not authorized to accept service on Defendants' behalf.

Turner's theory of proper service of process, then, is as follows. MSC Cruises (USA) sells cruise tickets for MSC Cruises S.A. in the United States market. Joel Dovico is MSC Cruises (USA)'s Florida-based registered agent. His address is on file for MSC Cruise Management (UK). His address is also on file for MSC Cruises S.A., of which MSC Cruise Management (UK), MSC Malta Seafarers Company Limited, and MSC Cruises (USA) are subsidiaries.

Based on these facts, Turner argues that service of process here complies with Federal Rule of Civil 4(e), which governs service on individuals within a judicial district of the United States. Under that rule, service may be accomplished either by following state law on service or by delivering a copy to an authorized agent. Fed. R. Civ. P. 4(e). From there, Turner's argument splits into two prongs. First, he argues that he has complied with the federal rule because he has served Defendants' authorized agent, Joel Dovico, as expressly authorized in subsection (e)(2)(C). Second, Turner argues that he has complied with the rule because he has complied with Florida state law regarding service of process. *See* Fed. R. Civ. P. 4(e)(1). Specifically, Turner says that under Florida law, service can be accomplished on a corporation conducting business in Florida by serving a business agent of that corporation. *See* Fla. Stat. § 48.081. And here, Turner argues, that business agent is MSC Cruises (USA).

Turner's arguments are not persuasive for several reasons.

First, service in this case is not governed by Rule 4(e). It is governed by Rule 4(f). Subsection (e) covers serving individuals in a judicial district in the United States, whereas subsection (f) covers serving individuals in a foreign country. Turner cites *Silvious v. Pharaon*

for the proposition that when a foreign party's agent is located in a judicial district of the United States, a plaintiff may either serve the individual under Rule 4(f) or serve the individual's agent under Rule 4(e).  54 F.3d 697, 701 (11th Cir. 1995).  That statement is true, but does not apply here: MSC Cruise Management (UK) and MSC Malta Seafarers Company Limited do not have agents in the United States, and until they do, service under Rule 4(e) is off the table.  Since service must be effectuated under Rule 4(f), it must comply with the Hague Convention, as specifically stated in subsection (f)(1).

Even if Rule 4(e) were in play, Turner's attempted service would still suffer from fatal defects.  Turner argues that he has accomplished service under subsection 1 because that subsection permits service under state law.  And Florida law, he says, permits service on a party's business agent when the party conducts substantial business in the forum where the agent is located.  *See* Fla. Stat. § 48.081.  Even assuming that Ellinor Dovico is MSC Cruises (USA)'s agent, which she is not, the service here would still not be good enough because MSC Cruises (USA) is not a business agent of MSC Cruise Management (UK) or MSC Malta Seafarers Company Limited the way that the statute uses the term.  What § 48.081 is referring to when it says "business agent" is "someone having general authority to act for the corporation and whose duties are closely related to those of the officers of the corporation."  *Morgan Stanley Smith Barney, LLC v. Gibraltar Priv. Bank & Tr. Co.*, 162 So. 3d 1058, 1061 (Fla. Dist. Ct. App. 2015).  MSC Cruises (USA) has no such general authority to act on behalf of the defendants; as Turner himself describes, MSC Cruises (USA) is merely the ticketing agent of the corporation that owns MSC Cruise Management (UK) and MSC Malta Seafarers Company Limited.

Turner has not completed service under Rule 4(e)(2), either.  That subsection permits service on an individual either by leaving a copy at the individual's dwelling with a person of

suitable age who resides there or by delivering a copy to the individual's agent. Turner collapses these two distinct methods into a single, hybrid method: leaving a copy at the authorized agent's abode with a person of suitable age who resides there. But he cites no authority that would permit reading the two provisions that way.

Defendants' motion to quash service is therefore granted. Because the time for service has elapsed the case is dismissed without prejudice. If Turner elects to file a new complaint, it will require a new filing fee and the case will be assigned at random by the Clerk of Court.

DONE AND ORDERED in Chambers at Miami, Florida, this _22_ of February 2022.

_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record